**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SEAN BRANHAM,                         :
                                                    Civil Action No. 07-5749 (NLH)
          Petitioner,        :

          v.                 :        **OPINION**

WARDEN SCHULTZ,                       :

          Respondent.        :


**APPEARANCES:**

Petitioner pro se
Sean Branham
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320


**HILLMAN**, District Judge

     Petitioner Sean Branham, a prisoner currently confined at

the Federal Correctional Institution at Fairton, New Jersey, has

submitted a petition for a writ pursuant to 28 U.S.C. § 1651,[1]

the All Writs Act, presumably for a writ of audita querela.  In

the alternative, Petitioner seeks a writ of habeas corpus

_____

     [1] Section 1651 provides, in relevant part:

     (a) The Supreme Court and all courts established by Act
     of Congress may issue all writs necessary or
     appropriate in aid of their respective jurisdictions
     and agreeable to the usages and principles of law.

pursuant to 28 U.S.C. § 2241.[2]  Petitioner specifically states
that he does not intend his application to be construed as a
motion to vacate, set aside, or correct his sentence under 28
U.S.C. § 2255.  The sole respondent is Warden Schultz.

Because it appears from a review of the Petition that this
Court lacks jurisdiction, the Court will dismiss the Petition.
See 28 U.S.C. § 2243.

I.  BACKGROUND

Petitioner was convicted in the U.S. District Court for the
Eastern District of Pennsylvania, pursuant to a jury verdict, of
two counts of Use of a Firearm during a Crime of Violence, in
violation of 18 U.S.C. § 924(c) (counts six and eight), and of
two counts of Assault on a United States Postal Service Employee,
in violation of 18 U.S.C. § 111 (counts five and seven).  See
United States v. Branham, Criminal Action No. 97-0458 (E.D.
Pa.).[3]  At sentencing, Petitioner's counsel objected to the

---

[2] Section 2241 provides, in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

[3] This Court will take judicial notice of the dockets of
other federal courts in cases related to this Petition.  See
Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah
Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)

court's using Petitioner's Pennsylvania conviction for simple
assault to classify Petitioner as a career offender under the
U.S. Sentencing Guidelines.  (Tr. June 29, 1995, attached as Ex.
B to Petitioner's Supplemental Brief [7].)  Nevertheless, the
trial court sentenced Petitioner to 100 months imprisonment on
counts five and seven to run concurrently, 60 months imprisonment
on count six, to run consecutive to the sentence on counts five
and seven, and 84 months imprisonment on count eight, to run
consecutive to the sentences on counts five, six, and seven.  On
cross-appeal by the government, the Court of Appeals for the
Third Circuit vacated the original judgment and remanded for
resentencing, holding that the District Court had erred in
failing to impose the mandatory 240-month consecutive sentence
for the second § 924(c) offense.  See United States v. Branham,
85 F.3d 613 (3d Cir. 1996) (table).  See also 18 U.S.C. § 924(c)
(1995).

    The District Court resentenced Petitioner, on counts five
and seven to 100 months, to run concurrently, on count six to 60
months, to run consecutively to the sentence on counts five and
seven, and, on count eight to 240 months, to run consecutively to
the sentence on counts five, six, and seven.  The Court of

---

(federal court, on a motion to dismiss, may take judicial notice
of another court's opinion, not for the truth of the facts
recited therein, but for the existence of the opinion, which is
not subject to reasonable dispute over its authenticity).

Appeals affirmed this sentence.  See United States v. Branham,
111 F.3d 127 (3d Cir. 1997) (table).

Petitioner has not filed in the sentencing court a motion to
set aside, vacate, or correct the sentence pursuant to 28 U.S.C.
§ 2255.  See United States v. Branham, Criminal Action No. 94-
0458 (E.D. Pa.).

In this Petition, Petitioner asserts that the trial court
erred in sentencing him as a career offender based on its
conclusion that Petitioner's state conviction for simple assault
was a predicate felony for purposes of the career offender
provision.  See U.S.S.G. § 4B1.1 (a defendant is a career
offender if, inter alia, "the defendant has at least two prior
felony convictions of either a crime of violence or a controlled
substance offense").  Petitioner contends that, absent the trial
court's erroneous conclusion that he was a career offender, he
never would have been sentenced to 240 months for the second
§ 924(c) offense.[4]

Petitioner also asserts that, "[a]lthough never presented to
the [appellate] court on collateral attack, petitioner has a
constitutional right which requires that any fact that increases

---

[4] Petitioner is mistaken in this contention.  The 240-month
sentence imposed pursuant to the conviction on count eight was
mandatory for a second conviction for violation of § 924(c) and
was unrelated to Petitioner's status as a career offender.  See,
e.g., Deal v. United States, 508 U.S. 129 (1993).  The career
offender finding may have been relevant to Petitioner's sentence
on counts five and seven.

the penalty for a crime beyond the prescribed statutory maximum
other than the fact of a prior conviction, (which in this case
conviction is merely a misdemeanor offense) MUST be charged in an
indictment, submitted to a jury and proved beyond a reasonable
doubt, (which never occurred in this case)."  (Petition, ¶ 22.)
This Court construes this as a claim pursuant to United States v.
Booker, 543 U.S. 220 (2005).[5]

        Petitioner contends that he is entitled to relief from the
sentence as a career offender because of "extraordinary
circumstances" including the fact that he was assigned new
counsel one week into his trial, after his original counsel was
indicted.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

        United States Code Title 28, Section 2243 provides in
relevant part as follows:

---

        [5] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000),
pursuant to the Sixth Amendment right to trial by jury, the
Supreme Court held that "[o]ther than the fact of a prior
conviction, any fact that increases the penalty for a crime
beyond the prescribed statutory maximum must be submitted to a
jury, and proved beyond a reasonable doubt."  In Blakely v.
Washington, 542 U.S. 296 (2004), the Supreme Court overturned a
sentence imposed under Washington state's sentencing system,
explaining that "the relevant statutory maximum is not the
maximum sentence a judge may impose after finding additional
facts, but the maximum he may impose without any additional
findings."  542 U.S. at 302 (internal quotations omitted).  Most
recently, in United States v. Booker, 543 U.S. 220 (2005), the
Supreme Court applied the rule of Apprendi to the United States
Sentencing Guidelines, finding the Guidelines unconstitutional,
and rendering them merely advisory, rather than mandatory.

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III.  ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v.

<u>United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>Chambers v.</u>
<u>United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United</u>
<u>States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United</u>
<u>Staes v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997)
(challenges to a sentence as imposed should be brought under
§ 2255, while challenges to the manner in which a sentence is
executed should be brought under § 2241).  Motions under § 2255
must be brought before the Court which imposed the sentence.  <u>See</u>
28 U.S.C. § 2255.  A one-year period of limitations applies to
§ 2255 motions.  <u>See</u> 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting
resort to § 2241, a statute without timeliness or successive
petition limitations, where "it appears that the remedy by motion
is inadequate or ineffective to test the legality of [the
prisoner's] detention."  <u>See</u> 28 U.S.C. § 2255(e).  In <u>Dorsainvil</u>,
the Third Circuit held that the remedy provided by § 2255 is
"inadequate or ineffective" where a prisoner who previously had
filed a § 2255 motion on other grounds "had no earlier
opportunity to challenge his conviction for a crime that an
intervening change in substantive law may negate."  119 F.3d at
251.  The court emphasized, however, that its holding was not
intended to suggest that § 2255 would be considered "inadequate
or ineffective" merely because a petitioner is unable to meet the
stringent gatekeeping requirements of § 2255.  <u>Id.</u>  To the

7

contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>Id.</u> at 251-52.

In <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u>  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539.

The claims presented here, that the sentencing court incorrectly determined that Petitioner's prior simple assault conviction was a predicate felony for purposes of the career offender guideline and incorrectly found Petitioner to be a career offender under the Sentencing Guidelines, are quintessential § 2255 claims challenging his sentence. Petitioner has not established that § 2255 is inadequate or ineffective to test the legality of his detention.  Indeed, Petitioner never attempted to file a § 2255 motion in the sentencing court.  This Court lacks jurisdiction under § 2241 to hear Petitioner's claims.

Nor may this Court hear Petitioner's claims under § 1651 as a petition for writ of <u>audita</u> <u>querela</u>.  The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only.  <u>Pennsylvania Bureau of Correction v. U.S. Marshals Serv.</u>, 474 U.S. 34, 34 (1985).  The Court of Appeals for the Ninth Circuit has held that, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1080 (2001), <u>quoted with approval in</u> <u>Hazard v. Samuels</u>, 206 Fed.Appx. 234, 236 (3d Cir. 2006) and <u>United States v. Reaves</u>, 177 Fed.Appx. 213, 213 (3d Cir. 2006).  <u>See also</u> <u>United States v. Holt</u>, 417 F.3d

1172, 1175 (11th Cir. 2005) (holding a writ of <u>audita</u> <u>querela</u> unavailable where relief is cognizable under § 2255).  <u>See also</u> <u>United States v. Baptiste</u>, 223 F.3d 188, 189-90 (3d Cir. 2000) (Section 2255 is not rendered "inadequate or ineffective," thereby enabling resort to a writ of <u>error</u> <u>coram</u> <u>nobis</u>, by the mere fact that the prisoner cannot meet the stringent standards for filing a second or successive § 2255 motion).  Petitioner may not use § 1651 to compensate for his failure to bring his claims in a timely motion under § 2255.

In the alternative, to the extent this Court could exercise jurisdiction over this Petition, it is meritless.  First, the Court of Appeals for the Third Circuit has held that a conviction for simple assault under the Pennsylvania penal code qualifies as a predicate offense for purposes of the career offender guideline.  <u>See</u> <u>U.S. v. Dorsey</u>, 174 F.3d 331, 332-33 (3d Cir. 1999).  In addition, the rule announced in <u>Booker</u> and its predecessor cases does not apply retroactively to cases on collateral review.  <u>See generally</u> <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005) (<u>Booker</u> does not apply retroactively to cases on collateral review); <u>United States v. Swinton</u>, 333 F.3d 481 (3d Cir.), <u>cert. denied</u>, 540 U.S. 977 (2003) (<u>Apprendi</u> does not apply retroactively to cases on collateral review); <u>In re Turner</u>, 267 F.3d 225 (3d Cir. 2001) (same); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir.), <u>cert. denied</u>, 126 S.Ct. 731 (2005) (<u>Blakely</u>

does not apply retroactively to cases on collateral review).  In any event, when it found that Petitioner's prior conviction for simple assault constituted a predicate felony for purposes of the career offender guideline, the trial court stayed within the Apprendi/Blakely/Booker rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The trial court finding that the prior simple assault conviction constituted a predicate felony for purposes of the career offender guideline was a sentencing fact based on a prior conviction.  Thus, Petitioner's claims are meritless.

IV.  CONCLUSION

        For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


At Camden, New Jersey              s/Noel L. Hillman
                                   Noel L. Hillman
                                   United States District Judge

Dated: June 19, 2008

11